**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01210-RMR

RAUL ARMANDO OQUENDO IBAÑEZ,

     Petitioner,

v.

TODD BLANCHE, Acting Attorney General,
GEORGE VALDEZ, DHS,
TODD LYON, DHS, and
JUAN BALTAZAR, Warden, GEO Group, Inc.,

     Respondents.[1]

---

**ORDER**

---

Before the Court is *pro se* Petitioner Raul Armando Oquendo Ibañez's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"), ECF No. 1. Because Petitioner is *pro se*, the Court liberally construes his filings but will not act as an advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Respondents filed a Response to the Application, ECF No. 17, and Petitioner submitted a Reply and a letter, ECF Nos. 20, 21. The Court has reviewed the Application, the Response, the Reply, the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Todd Blanche and George Valdez are automatically substituted as respondents.

letter, and the applicable case law. For the reasons stated below, the Application, ECF No. 1, will be DENIED without prejudice.

## I.    BACKGROUND

Petitioner, a native and citizen of Cuba, is a federal immigration detainee being held at the Aurora Detention Center in Aurora, Colorado. ECF No. 1 at 2. Petitioner contends that his continued detention is unconstitutional because his removal is not reasonably foreseeable. *Id.* at 6-8. He alleges that he has been in ICE custody since February 19, 2025. *Id.* at 11. Invoking *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner argues that his detention has extended well beyond the presumptively reasonable six-month period and that removal to Cuba is not significantly likely in the reasonably foreseeable future, given the well-documented obstacles to repatriating Cuban nationals. *Id.* at 8-18. As relief, he seeks immediate release. *Id.* at 19.

Respondents filed a brief opposing release. ECF No. 17. Respondents argue the Application is premature, because Petitioner's post-final-order detention began on March 9, 2026, and thus is well within the presumptively reasonable six-month period established in *Zadvydas*. *Id.* at 3-5. They also argue that ICE is pursuing repatriation to Cuba and, if necessary, to a third country under 8 U.S.C. § 1231(b)—thus, Petitioner does not show there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 5. For the reasons stated below, the Court finds the Application premature.

## II.      LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

## III.      ANALYSIS

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. There is no dispute that Petitioner is subject to a final order of removal and that the statutory authority for his detention arises from 8 U.S.C. § 1231. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as

3

the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order—"may be detained beyond the removal period." § 1231(a)(6). The statute does not specify a time limit on how long the government may detain a noncitizen in the post-removal period.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention." 533 U.S. at 689. Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.*; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

4

"Ripeness is peculiarly a question of timing, intended to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (cleaned up). The relevant question is "whether the harm asserted has matured sufficiently to warrant judicial intervention." *Warth v. Seldin*, 422 U.S. 490, 499 n.10 (1975). The Court considers both the fitness of the issue for judicial resolution and any hardship to the parties caused by withholding judicial consideration. *See Morgan v. McCotter,* 365 F.3d 882, 890 (10th Cir. 2004). Applying the fitness standard requires the Court to ask "whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *New Mexicans for Bill Richardson*, 64 F.3d at 1499 (cleaned up). The hardship inquiry "typically turns upon whether the challenged action creates a direct and immediate dilemma for the parties." *Id.* (cleaned up).

To determine whether Petitioner's due process claim is ripe, the Court must first determine when the removal order became administratively final. The administrative finality date of Petitioner's removal order is March 9, 2026, when the BIA summarily dismissed his appeal, making the Immigration Judge's order final for purposes of § 1231. *See* ECF No. 17 at 2-3. Given that finality date, the six-month presumptively reasonable period under *Zadvydas* runs to approximately September 9, 2026. Therefore, Petitioner's detention is presumptively reasonable and the due process claim he is asserting under *Zadvydas* is not ripe.

Petitioner argues that he has been detained "over 180 days" and that removal to Cuba is not reasonably foreseeable. ECF No. 1 at 8 (alleging "I am under custody over 180 days"); ECF No. 20 at 1-2. But the presumptively reasonable six-month removal period runs from the date his removal order becomes administratively final, not from the initial detention date. *Zadvydas*, 533 U.S. at 682 ("When an alien has been found to be unlawfully present in the United States and a *final* order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90–day statutory 'removal period,' during which time the alien normally is held in custody.") (emphasis added). Petitioner next argues that there is no significant likelihood of removal to Cuba in the reasonably foreseeable future. *See* ECF Nos. 1, 20. The argument is based on the general geopolitical and practical problems associated with repatriating Cuban nationals. *See id.* Additionally, Petitioner fears removal to Mexico because "Cubans are afraid to go in to Mexico because of numerous cases of kidnaps, extortion, torture and murder that happens in Mexico." ECF No. 20 at 2.

Neither argument alters the *Zadvydas* analysis or justifies early review of this case. The Court does not ignore the well-known difficulties in repatriating citizens of Cuba. Yet Respondents, by sworn declaration, represent that they are "in the process of determining whether the government of Cuba will accept Petitioner for repatriation," and that, "[i]f Cuba denies repatriation or does not adjudicate the demand for repatriation, ICE will seek to remove Petitioner to a third country pursuant to 8 U.S.C. § 1231(b)." ECF No. 17-1 at 12, ¶ 23. Repatriation to Cuba may or may not happen, and ICE may or may not be able to

identify a third country to where Petitioner can be removed. Either way, at this point in time, resolution of the due process claim "involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all," and Petitioner fails to demonstrate his current detention "creates a direct and immediate dilemma." *New Mexicans for Bill Richardson*, 64 F.3d at 1499 (cleaned up). And although Petitioner fears removal to Mexico, nothing in Respondents' filings suggest that Mexico has been identified as the actual third-country removal target. As a result, the due process claim must be denied without prejudice. *See Lien v. Sessions*, No. 18-cv-00878-CMA-MEH, 2018 WL 2722466, at *2 (D. Colo. June 6, 2018) (finding Petitioner's claim challenging constitutionality of detention under § 1231 premature because "[u]nder *Zadvydas*, Petitioner's detention of a little over two months is presumptively reasonable and does not trigger constitutional concerns"); *Singh v. Sessions*, No. 17-cv-1324-WJM-KMT, 2017 WL 3397337, at *4 (D. Colo. Aug. 8, 2017) (concluding claim under *Zadvydas* is not ripe because "Petitioner's detention of a little over three months following entry of his final order of removal . . . is presumptively reasonable and does not trigger constitutional concerns"); *Novitskiy v. Holm*, No. 12-cv-00965-MSK, 2012 WL 229577, at *6 (D. Colo. Jan. 22, 2013) (concluding constitutional challenge to discretionary detention under § 1231(a)(6) is premature because six-month period contemplated in *Zadvydas* had not expired).

## IV.    CONCLUSION

For the reasons stated above, it is ORDERED that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DENIED without prejudice as premature.**

DATED: July 28, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge